# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

CASE NO. 22-3518

NORFORK BREWING COMPANY
and JASON AAMODT

Defendants/Appellants

v.

BENJAMIN FOLTA

Plaintiff/Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

Court File No. 3:21-cv-3038-CDC

APPELLEE'S BRIEF

Josh Sanford
Ark. Bar No. 2001037
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

**ATTORNEY FOR PLAINTIFF-APPELLEE**

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Appellee Benjamin Folta ("Folta") filed this lawsuit alleging that his employers, Appellants Norfork Brewing Company and Jason Aamodt (collectively "Appellants"), violated the FLSA and AMWA by failing to pay him a proper overtime wage rate for all hours worked in excess of forty per week. Appellants claimed Folta was exempt from the protections of the FLSA and AMWA.

Relevant to the appeal, Folta filed a motion for summary judgment regarding the limited issue of whether Folta's pay qualified as a sufficient salary for application of an overtime exemption. Appellants filed a motion for summary judgment regarding whether Folta qualified for "individual coverage" under the FLSA. The District Court granted Folta's summary judgment request and denied Appellants' summary judgment request. The parties then entered a settlement agreement following a settlement conference before the Magistrate Judge, to whose plenary jurisdiction the parties also consented. Appellants then appealed the summary judgment decisions. The appeal must fail because the District Court's summary judgment decisions were not in error, were not final decisions over which this Court has jurisdiction, and were mooted by the parties' settlement agreement.

Because the issues raised are neither complex nor novel, oral argument is unlikely to assist the Court in addressing the legal issues presented. But should this Court disagree, Folta requests 10 minutes of argument for each side.

2

# **TABLE OF CONTENTS**

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT ...........2

TABLE OF CONTENTS........................................................................3

TABLE OF AUTHORITIES ..................................................................4

JURISDICTIONAL STATEMENT .........................................................7

STATEMENT OF ISSUES ..................................................................8

STATEMENT OF THE CASE..............................................................10

SUMMARY OF THE ARGUMENT .......................................................15

ARGUMENT ...................................................................................19

    I.    Standard of Review. ..........................................................19

    II.    The District Court Did Not "Err When it Refused to Determine its Jurisdiction."...................................................................20

    III.    The District Court Did Not Err in Finding that Folta Produced Genuine Issues of Material Fact for Trial Regarding Individual Coverage.........................................................................26

    IV.    The District Court Applied the Correct Legal Standard to Appellants' Motion for Summary Judgment......................................42

    V.    The District Court Did Not Apply a Different Standard to Folta's Motion for Summary Judgment than it Applied to Appellants' Motion for Summary Judgment......................................46

CONCLUSION.................................................................................48

CERTIFICATE OF COMPLIANCE ........................................................50

Appellate Case: 22-3518     Page: 3     Date Filed: 05/01/2023 Entry ID: 5271199

# TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) ................................................................................................................ 15, 27

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) ........................................................................................................ 44

*Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006) ..................... 8, 15, 20, 21, 22

*Argenyi v. Creighton Univ.*, 703 F.3d 441 (8th Cir. 2013) ..................................... 44

*Berrios v. Circle Grp., LLC*, No. 1:20-cv-230 (AJT/TCB), 2020 U.S. Dist. LEXIS 225895 (E.D. Va. July 21, 2020) .......................................................... 23

*Birkeland v. Jorgensen*, 971 F.3d 787 (8th Cir. 2020) ..................................... 19, 32

*Brown v. Peaches & Pears Soc. Club, Inc.*, No. 4:11-cv-224-SWW, 2011 U.S. Dist. LEXIS 143048 (E.D. Ark. Dec. 12, 2011) .................................................. 23

*Carter v. Atrium Hosp.*, 997 F.3d 803 (8th Cir. 2021) ..................................... 18, 46

*Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007) .......................................... 22

*Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 U.S. Dist. LEXIS 111156 (E.D. Ark. Aug. 7, 2013) ................................................................................... 23

*Dunphy v. Project Aristocrat Life Found.*, No. H-17-1225, 2019 U.S. Dist. LEXIS 198632 (S.D. Tex. Nov. 15, 2019) ............................................... 35, 40

*Foster v. Gold & Silver Private Club, Inc.*, Civil Action No. 7:14CV00698, 2015 U.S. Dist. LEXIS 165217, 2015 WL 8489998 (W.D. Va. Dec. 9, 2015) ............ 35

*Garrett v. Rutter & Sleeth Law Offices,* No. 2:19-cv-04203-MDH, 2020 U.S. Dist. LEXIS 216284 (W.D. Mo. Nov. 18, 2020) ................................................... 36, 37

*Garza v. W. Stone of Lyons, LLC*, No. 1:14-cv-1953-REB-NYW, 2015 U.S. Dist. LEXIS 89268 (D. Colo. June 24, 2015) .............................................................. 23

*Ghess v. Kaid*, No. 2:19-cv-21-KGB, 2020 U.S. Dist. LEXIS 222031 (E.D. Ark. Nov. 27, 2020) ...................................................................................................... 36

*Jackson v. Allstate Ins. Co.*, 785 F.3d 1193 (8th Cir. 2015) .................................... 18

*Jiao v. Chen*, No. 03 Civ. 0165-DF, 2007 U.S. Dist. LEXIS 96480 (S.D.N.Y. Mar. 30, 2007) ................................................................................................................ 37

*Just Funky, LLC v. Think 3 Fold, LLC*, No. 5:22-CV-05037, 2022 U.S. Dist. LEXIS 213721 (W.D. Ark. Nov. 28, 2022) ............................................... 14, 27

*Kim v. Kum Gang, Inc.*, 2015 U.S. Dist. LEXIS 39095 (S.D.N.Y. Mar. 19, 2015) 35

Appellate Case: 22-3518   Page: 4   Date Filed: 05/01/2023 Entry ID: 5271199

*Kincade v. City of Blue Springs*, 64 F.3d 389 (8th Cir. 1995)......................... 19, 32

*Kocher v. Dow Chem. Co.*, 132 F.3d 1225 (8th Cir. 1997)................................8, 32

*Lopez v. Tyson Foods, Inc.*, 690 F.3d 869 (8th Cir. 2012) .................... 8, 16, 19, 32

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)...................................................................................18

*Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351 (8th Cir. 1997) ..............8, 44

*Miller v. Centerfold Ent. Club, Inc.*, 2017 WL 3425887 (W.D. Ark. Aug. 9, 2017) ...................................................................................... 16, 35, 37, 40

*Miners v. Cargill Communs.*, 113 F.3d 820 (8th Cir. 1997)................... 8, 16, 18, 41

*Mo. Broads. Ass'n v. Lacy*, 846 F.3d 295 (8th Cir. 2017) ................................. 19,32

*Moore v. City of Wynnewood*, 57 F.3d 924 (10th Cir. 1995) .......................... 19, 21

*Murphy v. Allstaff Med. Res., Inc.*, Civil Action No. 16-cv-2370-WJM-MEH, 2017 U.S. Dist. LEXIS 77279 (D. Colo. May 22, 2017) .............................................23

*O'Quinn v. Country Inn, Inc.*, No. 6:18-cv-6025-RTD, 2019 U.S. Dist. LEXIS 74313 (W.D. Ark. Apr. 9, 2019)..................................................................35

*Perez v. Mian Enters.*, No. 2:17-CV-2162, 2018 U.S. Dist. LEXIS 233933 (W.D. Ark. Aug. 1, 2018) ......................................................................................37

*Potter v. Norwest Mortg., Inc.*, 329 F.3d 608 (8th Cir. 2003) ........................ passim

*Reich v. Stewart*, 121 F.3d 400 (8th Cir. 1997) ........................................... 16, 18

*Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337 (E.D.N.Y. 2014) ..................................................................................................................23

*Saleen v. Waste Mgmt.*, 610 F. Supp. 2d 1026 (D. Minn. 2009) ...........................23

*Silk v. Albino*, No. 8:06-cv-33-T-23TBM, 2007 U.S. Dist. LEXIS 19025 (M.D. Fla. Mar. 17, 2007)................................................................................... 35, 40

*Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903 (8th Cir. 1999) ...............18

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003 (1998).........24

*Thorne v. All Restoration Servs.*, 448 F.3d 1264 (11th Cir. 2006).........................35

*United States v. Barlow*, 568 F.3d 215 (5th Cir. 2009) .........................................35

*Whitworth v. French Quarters*, No. 6:13-CV-6003, 2013 U.S. Dist. LEXIS 207476 (W.D. Ark. Mar. 27, 2013) ............................................................................23

*Wilson v. Lamp*, 995 F.3d 628 (8th Cir. 2021) ............................................. 25, 45

## Statutes

28 U.S.C. § 1291 ....................................................................................7, 32

28 U.S.C. § 1294 ....................................................................................7, 32

Appellate Case: 22-3518     Page: 5     Date Filed: 05/01/2023 Entry ID: 5271199

28 U.S.C. § 1331 ........................................................ 7, 8, 15, 20, 22, 24

28 U.S.C. § 1367(a) ........................................................................7

29 U.S.C. § 201 ...............................................................................9

29 U.S.C. § 201, *et seq*..............................................................9, 22

29 U.S.C. § 206 ................................................................. 34, 39, 40

29 U.S.C. § 207 ................................................................. 34, 39, 40

Appellate Case: 22-3518    Page: 6    Date Filed: 05/01/2023 Entry ID: 5271199

# JURISDICTIONAL STATEMENT

Appellee disagrees with Appellants' Jurisdictional Statement. Contrary to Appellants' position, the District Court had jurisdiction over Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and pendent jurisdiction over Arkansas Minimum Wage Act ("AMWA") claims pursuant to 28 U.S.C. § 1367(a).

Also contrary to Appellants' position, this Court does not have jurisdiction over Appellants' appeal. Pursuant to 28 U.S.C. § 1291 and 1294, this Court has jurisdiction of appeals from "all final decisions of the district courts" of the Eighth Circuit. The summary judgment decisions at issue are not "final decisions." Appendix ("App.") 582–589; Appellants' Addendum[1] ("Add.") 3, 4–11; Record ("R. Doc.") Doc. 26, 52. The Order Approving Settlement as Fair and Reasonable entered on November 8, 2022, is not subject to appeal because it serves only to grant the parties' request for approval of their settlement agreement, which moots the case and leaves no live controversy for this Court or the District Court to resolve. App. 593–595; Add. 15–17; R. Doc. 62. Appellants do not appeal the Order granting fees entered after the settlement agreement. App. 596–603 Add. 18–25; R. Doc. 63.

---

[1] References to pages of Appellants' Addendum are to the page numbers identified in the appellate electronic case filing system stamp located at the bottom of each page of Appellants' Addendum.

7

## STATEMENT OF ISSUES

The issues for review are as follows:

1. Whether this Court lacks jurisdiction to hear this case due to the parties' settlement of all issues pending before the District Court.

*Potter v. Norwest Mortg., Inc*., 329 F.3d 608 (8th Cir. 2003)

2. Whether this Court lacks jurisdiction to hear this case due to the absence of any final order from which Appellants have appealed.

*Lopez v. Tyson Foods, Inc*., 690 F.3d 869 (8th Cir. 2012)
*Kocher v. Dow Chem. Co*., 132 F.3d 1225 (8th Cir. 1997)

3. Alternatively, whether the District Court was correct in exercising jurisdiction over Folta's FLSA claim.

28 U.S.C. § 1331
*Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006)

4. Alternatively, whether the District Court erred in determining that genuine issues of material fact existed for trial on Appellants' request for summary judgment regarding Folta's coverage under the FLSA.

*Miners v. Cargill Communs.*, 113 F.3d 820 (8th Cir. 1997)
*Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351 (8th Cir. 1997)

5. Alternatively, whether the District Court applied the correct standards in ruling on the parties' summary judgment motions.

*Miners v. Cargill Communs.*, 113 F.3d 820 (8th Cir. 1997)
*Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351 (8th Cir. 1997)

## STATEMENT OF THE CASE

This appeal cannot be heard because jurisdiction is lacking. However, this Statement of the Case is intended to clarify the issues presented on appeal.

Appellants operate a brewery located in Norfork, Arkansas, where they employed Appellee Benjamin Folta (hereinafter "Folta") as head brewer from approximately October of 2016 through February of 2021. *See* Motion for Partial Summary Judgment Regarding Payment of Salary (hereinafter "Salary MPSJ"), Exhibit 1, Declaration of Benjamin Folta (hereinafter "Decl. Folta") ¶ 3, R. Doc. 38-1. On May 24, 2021, Folta filed his Original Complaint in this case, seeking unpaid overtime wages under the FLSA, 29 U.S.C. § 201, *et seq.*, and AMWA, Ark. Code Ann. § 11-4-201, *et seq*. *See* Original Complaint, R. Doc. 2.

In the course of the lawsuit, Folta filed a Motion for Partial Summary Judgment Regarding Payment of Salary arguing that Appellants' pay structure did not qualify as a "salary" as that term is defined by the FLSA because Appellants did not pay Folta a predetermined minimum amount. *See* Salary MPSJ, App. 53–55; R.Doc. 38; Brief in Support of Salary MPSJ, App. 56–64; R. Doc. 39. Further, beginning in January of 2020, the amount Folta was paid did not meet the minimum amount required for those same exemptions. *Id*.

Appellants also filed a Motion for Summary Judgment, arguing that Plaintiff was not entitled to the minimum wage and overtime protections of the FLSA because

Appellate Case: 22-3518    Page: 9    Date Filed: 05/01/2023 Entry ID: 5271199

he did not meet the "individual coverage" requirements. *See* Motion for Summary Judgment, App. 65; R. Doc. 40; Brief in Support of Motion for Summary Judgment, App. 67; R. Doc. 42. However, Appellants had already conceded that individual coverage requirements were met as of November 2020 when Appellants contend they began selling their beer in Oklahoma. *See* Combined Brief in Support of Motions to Dismiss and for Partial Summary Judgment (hereinafter "Combined Brief"), App. 3 at 11–12; R. Doc. 11 at 11–12. Folta argued that individual coverage existed for the remaining time period because he regularly used the instrumentalities of interstate commerce in the course of performing his job duties for Appellants. *See* Response to Motion for Summary Judgment (hereinafter "Response to MSJ"); App. 560; R. Doc. 48.

More particularly, Folta's job duties for Appellants included developing and testing recipes for the beer brewed at Appellants brewery, brewing and packaging beer, maintaining brewing logs and records, cleaning and maintaining brewing equipment, accounting for brewing-related inventory, ordering/purchasing brewing-related supplies and ingredients, and promoting Appellants' beer to various sellers. *See* Decl. Folta, ¶ 5, R. Doc. 38-1. Until early 2019, Folta also took orders for retail sales of Appellants beer, and through approximately the end of 2019, Folta worked serving and assisting customers at Appellants' brewery. *Id*.

Ultimately, the District Court ruled on Folta's salary-related Motion for Partial

Summary Judgment (R. Doc. 38) and Appellants' coverage-related Motion for Summary Judgment (R. Doc. 40) in a single Memorandum Opinion and Order (hereinafter "Opinion and Order"). *See* Opinion and Order, App. 582-592; Add. 4–11; R. Doc. 52. The District Court granted Folta's request for summary judgment regarding the salary issue for the time period of December 2018 through June 22, 2019, citing the fluctuations in pay demonstrating Folta was not paid a predetermined minimum amount necessary for a salary during that time period. App. 591–592; Add. 11–12; R. Doc. 52 at 10–11. The District Court also granted summary judgment for the time period of January 1, 2020, through the end of Folta's employment in February of 2021, because Appellants did not pay Folta the minimum amount required under the salary requirements of the relevant exemptions. *Id.*

On the other hand, the District Court denied Appellants' request for summary judgment on the issue of individual coverage under the FLSA because Folta produced genuine issues of material fact for trial regarding the extent of his engagement in interstate commerce. Opinion and Order p. 4–6; App. 585–587; Add. 7–9; R. Doc. 52 at 4–6.

Following entry of the Opinion and Order addressing the summary judgment motions, the parties entered into a settlement agreement; having consented to the jurisdiction of the United States Magistrate Judge, the parties requested and received judicial approval of their negotiated settlement. *See* Order Approving Settlement as

11

Fair & Reasonable (hereinafter "Order Approving Settlement"); App. 593–595; Add. 15–17; R. Doc. 62. The Magistrate Judge found the settlement to be a "fair and reasonable" resolution of Folta's FLSA claims, and left the case open solely for the purpose of resolving the issue of fees and costs to be paid to Folta. Order Approving Settlement, p. 3; App. 595; Add. 17; R. Doc. 62 at 3.

As directed, Folta filed a Motion for Costs and Attorneys' Fees (hereinafter "Fee Petition") (App. 604)(R. Doc. 56), which was then ruled on by the Magistrate Judge. *See* Order (hereinafter "Fee Order"); App. 596–603; Add. 18–25; R. Doc. 63. In ruling on the Fee Petition, the Magistrate Judge rejected Appellants' objections to the District Court's exercise of jurisdiction, recognizing the District Court's holding that that "the amount of time an employee works and the duties he or she performs present factual questions" on which genuine issues remained for trial. Fee Order, p. 3; App. 598; Add. 20; R. Doc. 63 at 3. The Magistrate Judge pointed out that the District Court's "ruling was well-known to the lawyers and discussed during the parties' settlement conference as the ruling was entered after the settlement conference commenced but before the parties reached their voluntary settlement." *Id*. Accordingly, there was no basis for Appellants' post-settlement efforts to revive the issue. *Id*. The Magistrate Judge went on to hold that Appellants agreed that Folta prevailed in the case by way of settlement and to award fees and costs to Folta. *Id*.

Appellants then filed their Notice of Appeal, based on Appellants' position

12

that the District Court lacked jurisdiction over Appellants. Appellants' appeal is fundamentally based on whether the District Court properly ruled that genuine issues of material fact existed for trial regarding whether Plaintiff was "engaged in commerce or in the production of goods for commerce." However, this is not a jurisdictional question—it is a factual question of whether the FLSA covers a particular employee. That factual question was resolved when the parties entered their settlement agreement.

Accordingly, Folta primarily requests that this Court dismiss Appellants' appeal for lack of jurisdiction. Any orders being appealed were not final orders, and the parties ultimately settled, mooting any possible errors in prior orders. Alternatively, even if there were jurisdiction to review the subject orders, Folta requests that this Court affirm the decisions of the District Court appealed by Appellants because the District Court properly applied applicable law.

13

## SUMMARY OF THE ARGUMENT

Over the course of this wage-based litigation, the parties each filed summary judgment motions covering different issues. *See* Salary MPSJ, App. 53–55; R. Doc. 38; Coverage MSJ, App. 65–67; R. Doc. 40. The District Court partially granted Folta's request for summary judgment regarding "salary" issues. Opinion and Order, p. 8–10; App. 589–591; Add. 11–13, R. Doc. 52 at 8–10. The District Court denied Appellants' request for summary judgment on the issue of individual coverage under the FLSA because Folta produced genuine issues of material fact for trial regarding the extent of his engagement in interstate commerce. Opinion and Order p. 4–6; App. 585–587; Add. 7–9; R. Doc. 52 at 4–6. After the District Court ruled on the summary judgment motions, the parties reach a settlement agreement as to liability, which was approved as being "fair and reasonable." *See* Order Approving Settlement, p. 3; App. 595; Add. 17; R. Doc. 62 at 3. Folta was then awarded fees as the undisputed prevailing party in the case. *See* Fee Order; App. 596–603; Add. 18–25; R. Doc. 63.

This Court has no jurisdiction over this appeal. "Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc*., 329 F.3d 608, 611 (8th Cir. 2003). Regardless of the stage of litigation or appeal, an action that no longer satisfies the case or controversy requirement is moot and must be dismissed. *Id*. A case that has been settled is moot and should be dismissed. *Id*; *Just Funky, LLC v. Think 3 Fold, LLC*, No. 5:22-CV-

14

05037, 2022 U.S. Dist. LEXIS 213721, at *11 (W.D. Ark. Nov. 28, 2022) (citing *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up)). Because the parties settled Folta's claims in this case, the case is moot and this Court does not have jurisdiction to hear the appeal. Therefore, Appellants' appeal should be dismissed.

Any argument by Appellants that they "reserved" their defenses is contrary to the District Court's finding the settlement to be a "fair and reasonable" resolution of Folta's FLSA claims which took into account the defenses. But also, as set forth above, parties cannot agree to jurisdiction where none otherwise exists. *See Potter*, 329 F.3d at 611. Further, Appellants have produced no proof beyond their own generalized statements that they reserved any defenses in the settlement agreement.

In any event, the "defense" Appellants claim is the same issue being appealed here—whether the District Court had subject matter jurisdiction. This defense, in turn, is actually a merits-based question of whether individual coverage applies and is not jurisdictional in nature. More specifically, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The FLSA is a federal statutory right, meaning the District Court had jurisdiction to hear the case. *See Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006). Whether "individual coverage" under the FLSA applies is not a jurisdictional question because it was not identified as such by Congress. *See*

15

*Id*. Accordingly, even if Appellants had reserved their jurisdictional defense, the defense fails as a matter of law.

Finally, even if this Court were to entertain Appellants' arguments that the District Court erred in denying Appellants' motion for summary judgment on the issue of individual coverage, the Court still lacks jurisdiction to hear the appeal because a denial of summary judgment is not appealable. *Lopez v. Tyson Foods, Inc*., 690 F.3d 869, 875 (8th Cir. 2012).

Setting aside this absolute bar, the District Court stated the correct standard of review for summary judgment motions as well as the relevant standard for assessing individual coverage when it entered its Opinion and Order. More particularly, the District Court recognized that summary judgment motions must be viewed in a light most favorable to the moving party, but that the moving party cannot rest on mere denials or allegations in pleadings. *Compare* Opinion and Order, p. 3; App. 584; Add. 6; *with Miners v. Cargill Communs.*, 113 F.3d 820, 823 (8th Cir. 1997). With respect to individual coverage, the District Court recognized that "the amount of time an employee works and the duties he or she performs present factual questions," and that "[i]ndividual coverage under the FLSA exists for employees who 'regularly use the instrumentalities of interstate commerce in [their] work.'" *Compare* Opinion and Order, p. 4; App. 585; Add. 7 *with Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997) and *Miller v. Centerfold Ent. Club, Inc*., 2017 WL 3425887, at *9 (W.D. Ark.

16

Aug. 9, 2017). The District Court properly applied those standards, finding that Folta raised genuine issues of material fact for trial regarding individual coverage under the FLSA and denying Appellants' request for summary judgment on this issue.

In sum, the District Court had jurisdiction to hear the case because it arose under the federal statutory scheme that is the FLSA. Appellants' arguments that individual coverage is a jurisdictional issue is without merit. This Court lacks jurisdiction to hear Appellants appeal both because the parties settled their claims and because Appellants seek to have this Court review a denial of their summary judgment request, which is not a final order. But even if this Court were to consider Appellants' arguments that the District Court erred in denying deny summary judgment on the issue of individual coverage, the decision should be affirmed because the District Court properly applied the correct standards. Therefore, the District Court should be affirmed in all respects and Appellants' appeal should be dismissed.

17

# ARGUMENT

## I.     Standard of Review.

Appellants are correct that "[t]he ultimate question of whether an employee falls within the FLSA's protection is a question of law to be reviewed *de novo*." *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997). "However, the amount of time an employee works and the duties he or she performs present factual questions to be reviewed for clear error." *Id*.

A district court's decision to grant of summary judgment or partial summary judgment is reviewed *de novo*. *Stanback v. Best Diversified Prods., Inc*., 180 F.3d 903, 907 (8th Cir. 1999); *Jackson v. Allstate Ins. Co*., 785 F.3d 1193, 1201 (8th Cir. 2015). The moving party bears the burden of "demonstrate[ing] that no genuine issues of material fact remain to be resolved." *Miners v. Cargill Communs.*, 113 F.3d 820, 823 (8th Cir. 1997). In turn, the nonmoving party bears the burden of coming "forward with 'specific facts showing that there is a genuine issue for trial.'" *Carter v. Atrium Hosp*., 997 F.3d 803, 807–08 (8th Cir. 2021) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (cleaned up)). The *de novo* review requires that all controversies be resolved in favor of the non-moving party, that all the non-movant's evidence be taken as true, and that all justifiable inferences be drawn in favor of the non-moving party. *Miners*, 113 F.3d at 823.

18

There is typically no standard for reviewing a *denial* of summary judgment because a denial of summary judgment is not appealable once a final judgment has been entered. *Lopez v. Tyson Foods, Inc*., 690 F.3d 869, 875 (8th Cir. 2012); *See also Birkeland v. Jorgensen*, 971 F.3d 787, 791 (8th Cir. 2020) ("Ordinarily, this court lacks jurisdiction over a denial of summary judgment 'because such an order is not a final decision."); *Mo. Broads. Ass'n v. Lacy*, 846 F.3d 295, 299 n.4 (8th Cir. 2017) ("Ordinarily, we have no jurisdiction of an appeal challenging the denial of a motion for summary judgment. Such orders are not final orders in the traditional sense."). However, a court may have pendent jurisdiction over denial of a summary judgment ruling "where reviewing a final order would necessarily impact a district court's interlocutory order in the same case." *Mo. Broads. Ass'n.*, 846 F.3d at 299 n.4 (citing *Kincade v. City of Blue Springs*, 64 F.3d 389, 394 (8th Cir. 1995) ("'[P]endent appellate jurisdiction might still be appropriate where the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or where review of the nonappealable decision is necessary to ensure meaningful review of the appealable one.'") (quoting *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995))).

## II. The District Court Did Not "Err When it Refused to Determine its Jurisdiction."

Appellants' first argument on appeal is that the District Court "erred when it refused to determine its own jurisdiction." This argument conflates coverage under

19

the FLSA with subject matter jurisdiction (hereinafter referred to simply as "jurisdiction"). In other words, Appellants' argument that "individual coverage" under the FLSA did not apply is not the same thing as an argument that the District Court did not have jurisdiction to hear the case. The District Court clearly had jurisdiction because the case involved a claim under the FLSA. Accordingly, Appellants did not raise an objection based on jurisdiction, but even if they had, the objection failed as a matter of law. Further, even if the objection did not fail as a matter of law, Appellants conceded individual coverage (which Appellants consider "jurisdiction") applies for at least part of the case, meaning even if this Court agreed with Appellants, the result would not be dismissal of the case as requested by Appellants. Therefore, Appellants' first argument provides no basis for reversal.

The basic grants of subject-matter jurisdiction to federal courts are contained in 28 U.S.C. §§ 1331 ("federal question") and 1332 ("diversity of citizenship"). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006). The federal question statute reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In *Arbaugh*, the Supreme Court delineated a bright-line rule that if Congress does not clearly state that a statutory element of a federal law is jurisdictional, then the element should not be treated as such. 546 U.S. at 515–16 (holding that "when

20

Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").

*Arbaugh* arose under Title VII of the Civil Rights Act of 1964, which included under the heading of "[d]efinitions" a limitation on covered employers which excluded those with less than fifteen employees. *Id*. at 503, 505. Following a jury trial, the defendant moved to dismiss the case based on lack of subject matter jurisdiction, arguing that it was not subject to Title VII since it had fewer than fifteen employees. *Id*. at 504. Recognizing that it was obliged to dismiss a case for which it did not have subject matter jurisdiction, the trial court reluctantly granted the Defendants' motion to dismiss. *Id*. The Supreme Court rejected this ruling and held "that the numerical threshold does not circumscribe federal-court subject-matter jurisdiction." *Id*. "Instead, the employee-numerosity requirement relates to the substantive adequacy of [the plaintiff's] Title VII claim, and therefore could not be raised defensively late in the lawsuit." *Id*.

The Supreme Court noted that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief— a merits-related determination." *Id*. at 511 (citing 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)). This "subject-matter

21

jurisdiction/ingredient-of-a-claim-for-relief dichotomy" had been problematic for lower courts. *Id*.

In clearing away the confusion, *Arbaugh* confirmed that 28 U.S.C. §§ 1331 and 1332 contain the "basic statutory grants of federal-court subject-matter jurisdiction." *Id*. at 513. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id*. The "coverage" requirements of individual statutory schemes should be treated as "nonjurisdictional in character" unless Congress itself has ranked the requirement as jurisdictional. *Id*. at 516.

The current case "arises under" federal law, specifically, the FLSA. 29 U.S.C. § 201, *et seq*. Therefore, the District Court had federal question subject matter jurisdiction under 28 U.S.C. § 1331. The coverage requirements relied upon by Appellants—specifically the "individual coverage" requirements of the FLSA— have not been ranked by Congress as being jurisdictional, so *Arbaugh* dictates that they must be treated as nonjurisdictional.

Despite this very clear standard delineated by *Arbaugh*, Appellants argue that the "individual coverage" requirement of the FLSA is jurisdictional. However, consistent with *Arbaugh*, numerous courts, including Arkansas district courts, have rejected this line of argument and held that FLSA coverage goes to the merits of the claim and is not jurisdictional in character. *See Chao v. Hotel Oasis, Inc*., 493 F.3d

22

26, 33 (1st Cir. 2007) (holding that the $500,000 annual dollar value coverage requirements of the FLSA are not jurisdictional); *Berrios v. Circle Grp., LLC*, No. 1:20-cv-230 (AJT/TCB), 2020 U.S. Dist. LEXIS 225895, at *10–11 (E.D. Va. July 21, 2020) (noting that 29 U.S.C. § 216(b) does not "clearly 'speak[] in jurisdictional terms,'" so "any limitations embedded in the definition of an 'employer' are therefore not . . . jurisdictional"); *Murphy v. Allstaff Med. Res., Inc*., Civil Action No. 16-cv-2370-WJM-MEH, 2017 U.S. Dist. LEXIS 77279, at *9–10 (D. Colo. May 22, 2017) ("Courts across the country, including those in the Tenth Circuit, have consistently held that the question of whether individual or enterprise coverage applies is an element of a plaintiff's FLSA claim rather than a jurisdictional prerequisite.") (quoting *Garza v. W. Stone of Lyons, LLC*, No. 1:14-cv-1953-REB-NYW, 2015 U.S. Dist. LEXIS 89268, at *6 (D. Colo. June 24, 2015) (collecting cases))); *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 344–45 (E.D.N.Y. 2014) (collecting cases); *Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 U.S. Dist. LEXIS 111156, at *7-9 (E.D. Ark. Aug. 7, 2013); *Whitworth v. French Quarters*, No. 6:13-CV-6003, 2013 U.S. Dist. LEXIS 207476, at *5 (W.D. Ark. Mar. 27, 2013); *Brown v. Peaches & Pears Soc. Club, Inc.*, No. 4:11-cv-224-SWW, 2011 U.S. Dist. LEXIS 143048, at *4–7 (E.D. Ark. Dec. 12, 2011); *Saleen v. Waste Mgmt.*, 610 F. Supp. 2d 1026, 1031 (D. Minn. 2009).

Appellate Case: 22-3518     Page: 23     Date Filed: 05/01/2023 Entry ID: 5271199

Because the FLSA's coverage requirements are not jurisdictional, Appellants' dispute that Folta qualified for individual coverage did not give rise to a jurisdictional bar. In other words, Appellants never actually posed a jurisdictional question for the District Court to resolve. Moreover, the law is clear that lawsuits arising under the FLSA qualify for subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, so any consideration of the issue must result in a finding that the District Court has subject matter jurisdiction. Therefore, there is no basis for reversing any ruling of the District Court based on subject matter jurisdiction arguments.

Appellants cite *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003 (1998), for the proposition that a court must assure itself of its own jurisdiction to hear a case. While Folta does not dispute that a court must have subject matter jurisdiction, *Steel Co.* itself cautions that the issue of jurisdiction should not be confused with the merits of a case, which is exactly what Appellants have done here. *See* 523 U.S. at 89.

Further, even if this Court were to suspend the clear direction of the law and assume that Appellants raised a jurisdictional question, this is not a basis for the remedy that Appellants have sought—dismissal of the case. This is because Appellants concede that the District Court had jurisdiction for at least some period of time relevant to this case. More particularly, in their Combined Brief in Support

24

of Motions to Dismiss and for Partial Summary Judgment, Appellants agree that Folta qualified for individual coverage under the FLSA from November 2020 until February 2021 because during that time he was undisputedly engaged in the production of goods in commerce. Combined Brief, p. 3, 11–12; App. 5, 13–14, R. Doc. 11 at 3, 11–12. Since Appellants concede that the District Court had subject matter jurisdiction (as defined by Appellants) for part of the time period applicable to the case, a ruling in favor of Appellants would not result in dismissal of the case. Accordingly, any error by the District Court to assess subject matter jurisdiction was harmless and reversal is not appropriate. *See Wilson v. Lamp*, 995 F.3d 628, 633 (8th Cir. 2021) (noting that an error is harmless when it would not change the result of the case).

No matter how Appellants slice it, there is no basis for reversal in this case. The issues raised by Appellants are not jurisdictional, and even if they were Appellants conceded jurisdiction for part of the time period relevant to the case, meaning Appellants' jurisdictional argument is not a basis for dismissal of the underlying case. Therefore, Appellants' appeal must be dismissed.

### III. The District Court Did Not Err in Finding that Folta Produced Genuine Issues of Material Fact for Trial Regarding Individual Coverage.

Defendant's next argument is that the District Court erred in ruling that genuine issues of material fact existed for trial regarding the issue of whether Folta

25

qualified for individual coverage under the FLSA. Opinion and Order p. 4–6; App. 585–587; Add. 7–9; R. Doc. 52 at 4–6. Although Appellants refer to jurisdictional requirement, as set forth above, the issue of individual coverage is not one of jurisdiction, but rather is a factual element on the merits of Folta's FLSA claim against Appellants. Therefore, the question is simply whether Folta produced sufficient evidence to support a factual finding that individual coverage applied. The District Court ruled that Folta met this threshold, and this holding should be affirmed. However, before wading into these weeds, this Court should hold that the settlement entered between the parties after the summary judgment ruling mooted all issues raised by Appellants and divested this Court of jurisdiction to hear this appeal. Further, the Court should hold that the District Court's denial of Appellants' request for summary judgment regarding the individual coverage issue is not an appealable "final order."

A.    The issues raised on appeal are moot as a result of the parties' settlement agreement, which divested this Court of jurisdiction to hear this case.

The issues raised by Appellants on appeal are moot because the parties entered into a settlement agreement resolving the issues raised by Folta in his lawsuit against Appellants. *See* Order Approving Settlement; App. 593–595; Add. 15–17; R. Doc. 62. Therefore, this Court lacks jurisdiction to hear this appeal. Accordingly, Appellants' appeal should be dismissed in its entirety.

"Article III of the Constitution only allows federal courts to adjudicate actual,

26

ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). This requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Id*. Further, litigants cannot sidestep the case or controversy requirement by agreement. *Id*.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Just Funky, LLC v. Think 3 Fold, LLC*, No. 5:22-CV-05037, 2022 U.S. Dist. LEXIS 213721, at *11 (W.D. Ark. Nov. 28, 2022) (citing *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up)). Settlement of a dispute will typically render a claim moot for Article III purposes. *Id*. Accordingly, so long is no class has been certified, "a federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim." *Potter*, 329 F.3d at 611.

Turning to the current case, as noted in the Statement of the Case, *supra*, the parties entered into a settlement agreement resolving all of Folta's claims following entry of the Opinion and Order addressing the summary judgment motions. More particularly, the parties attended a settlement conference before a United States Magistrate Judge where they successfully negotiated a settlement for which they

Appellate Case: 22-3518     Page: 27     Date Filed: 05/01/2023 Entry ID: 5271199

requested and received judicial approval. *See* Order Approving Settlement; App. 593–595; Add. 15–17; R. Doc. 62. The Magistrate Judge specifically found the settlement to be a "fair and reasonable" resolution of Folta's FLSA claims, and left the case open solely for the purpose of resolving the issue of fees and costs to be paid to Folta. Order Approving Settlement, p. 3, App. 595; Add. 17, R. Doc. 62 at 3; *See also* Fee Order, p. 3; App. 598; Add. 20; R. Doc. 63 at 3.

Despite the settlement, Appellants attempted to re-hash the issue of individual coverage under the FLSA when responding to Folta's Fee Petition. *See* Response to Fee Petition, p. 11, App. 636; R. Doc. 60 at 11. The Magistrate Judge rejected Appellants' objections and pointed out that the District Court's summary judgment ruling on the individual coverage issue "was well-known to the lawyers and discussed during the parties' settlement conference as the ruling was entered after the settlement conference commenced but before the parties reached their voluntary settlement." Fee Order, p. 3; App. 598; Add. 20; R. Doc. 63 at 3. Therefore, there was no basis for Appellants' post-settlement efforts to revive the issue. *Id*. The Magistrate Judge held that Folta prevailed in the case by way of settlement and awarded fees and costs to Folta. *Id*.

Because the parties entered a settlement that resolved Folta's claims against Appellants, this case has been rendered moot for all purposes under Article III,

Appellate Case: 22-3518    Page: 28    Date Filed: 05/01/2023 Entry ID: 5271199

including for appeal. *See Potter*, 329 F.3d at 611. Therefore, this Court should dismiss the appeal.

Appellants attempt to avoid this result by taking the position that they "reserved" their "defenses" in the settlement agreement. Not only is this assertion contrary to the District Court's finding the settlement to be a "fair and reasonable" resolution of Folta's FLSA claims, but as set forth above, parties cannot agree to jurisdiction where none otherwise exists. *See Potter*, 329 F.3d at 611. Further, even if they could make such an agreement, Appellants have produced no proof beyond their own generalized statements that they reserved any defenses in the settlement agreement.

In *Potter*, the appellant asserted that he had a sufficient interest in the lawsuit despite having settled his individual claims based on an alleged reservation of a right to recover attorney fees. 329 F.3d at 614. The court examined whether the appellant actually "retain[ed] an interest in shifting costs and attorney fees to the putative class members," but found proof of the terms of the settlement agreement to be lacking. *Id*. The parties never produced a written settlement agreement and the terms evidenced in the hearing transcript from the settlement conference were inadequate. *Id*. "Without the benefit of examining the settlement agreement, or at least a detailed stipulation on the terms of the attorney fees provision," the court declined "to speculate on the extent to which [the appellant] reserved the right to recover attorney

29

fees." *Id*. With no clear interest in attorney fees, the court could not conclude that they appellant possessed "a continuing personal stake in the litigation," meaning the case or controversy requirement of Article III had not been met.

Similarly, in the current case, Appellants have failed to produce evidence of any clear or sufficient reservation of rights for purposes of establishing an adequate case or controversy. Like in *Potter*, this Court would have to speculate on the extent to which Appellants reserved any defenses in this case. This Court should decline to engage in such speculation and should instead dismiss Appellants appeal for lack of a case or controversy for Article III purposes.

However, to the extent that there is any evidence that Appellants reserved any defenses, that evidence comes from Appellants' own statements in their Response to Plaintiff's Motion for Attorneys' Fees and Costs in which Appellants state, "Faced with the expense of trial, while always maintaining his defenses, including Jurisdiction, [Appellants] agreed to settlement, with the understanding that the question of jurisdiction still would be demonstrated by [Folta] before the settlement could be approved by the Court." *See* Response to Fee Petition, p. 4, App. 629; R. Doc. 60 at 4. Although this is not a clear statement as to what Appellants reserved, the only "defense" Appellants purport to reserve in any way is the issue of the District Court's jurisdiction to hear the case—an issue that must be resolved in Folta's favor because, as set forth in the previous section, Folta's cause of action

30

arises under a federal statute. In addition, as discussed in the previous Section, *supra*, Appellants conceded individual coverage (which Appellants refer to as "jurisdiction") for the time period between November 2020 and February 2021, so the issue of jurisdiction was effectively already resolved by admission.

In sum, the settlement agreement resolved all issues between the parties and was approved by the District Court. Appellants' assertion that they reserved some unspecified defenses is contrary to this decision and unsupported by the record. To the extent that Appellants have identified any defense it claims to have preserved, that defense is jurisdictional, not fact-based, and is both meritless and has been conceded by Appellants. There is simply no basis for this Court to hear this appeal and should therefore dismiss Appellants' appeal in its entirety.

B.  <u>Alternatively, this Court should decline to entertain Appellants' argument that Folta failed to produce sufficient facts to give rise to a genuine issue of material fact for trial on the issue of "individual coverage" under the FLSA because it improperly asks this Court to overturn a denial of summary judgment.</u>

As an alternative basis for dismissing Appellants' appeal, this Court does not have jurisdiction to hear the claims raised by Appellant because they do not involve a final judgment. Appellants' argument that Folta failed to produce sufficient facts to give rise to a genuine issue of material fact for trial on the issue of "individual coverage" under the FLSA is fundamentally a request that this Court reverse the District Court's decision in its Opinion and Order Opinion and Order (App. 585–

31

587; Add. 7–9, R. Doc. 52 at 4–6.) to deny Appellants' Coverage MSJ (R. Doc. 40). Because this is not a final judgment this Court lacks jurisdiction to hear an appeal of the issue. Therefore, the appeal should be dismissed.

Pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1294, this Court has jurisdiction over appeals from "all final decisions of the district courts" of the Eighth Circuit. As set forth in the Standard of Review Section, *supra*, there is typically no standard for reviewing a *denial* of summary judgment because a denial of summary judgment is not itself a final decision and is not appealable once a final judgment has been entered. *Lopez*, 690 F.3d at 875; *Birkeland*, 971 F.3d at 791. Further, this Court does not have pendent jurisdiction over the denial of Appellants' summary judgment request because the decision is not "inextricably intertwined" with any "final order" in the case. *See Mo. Broads. Ass'n.*, 846 F.3d at 299 n.4 (citing *Kincade*, 64 F.3d at 394. As discussed above, the Order Approving Settlement (App. 593–595, Add. 15–17, R. Doc. 62) in this case involved approving the parties' agreement to settle Folta's claims against Appellants. The Order Approving Settlement (App. 593–595, Add. 15–17, R. Doc. 62) and the Opinion and Order (App. 585–587, Add. 7–9; R. Doc. 52 at 4–6) have no impact on each other, and cannot be said to be "inextricably intertwined."

Although the Fee Order, (App. 596, Add. 20, R. Doc. 63) referenced the Opinion and Order, the Fee Order is not a final order. *Kocher v. Dow Chem. Co*., 132

F.3d 1225, 1228 (8th Cir. 1997) (recognizing that a final order is one that disposes of all of the claims between the parties). Even if the Fee Order were a final order, the Fee Order and Opinion and Order are not "inextricably intertwined." The Fee Order could have been decided without reference to the Opinion and Order—the only reason the Opinion and Order was referenced was because Appellants were attempting to re-hash the summary judgment issues. Fee Order, p. 3; App. 598; Add. 20; R. Doc. 63 at 3. The Fee Order made clear that those issues were irrelevant because they were known to and discussed by the parties prior to the parties entering the settlement agreement. *Id.*

Because the Opinion and Order is not a final order, nor is it inextricably intertwined with a final order, this Court does not have jurisdiction to hear Appellants' objections to the Opinion and Order presented in this case.

C.   <u>Alternatively, if this Court should decide to entertain the merits of Appellants' appeal, Folta produced sufficient facts to give rise to a genuine issue of material fact for trial on the issue of "individual coverage" under the FLSA.</u>

Finally, even if this Court should decide to entertain the merits of Appellants' appeal, Appellants have failed to demonstrate any basis for reversal. As a reminder, Appellants concede that individual coverage applied to Folta from November of 2020 until February of 2021, so this dispute about individual coverage only applies from the time period leading up to November of 2020. Appellants argue that the District Court erroneously determined that Folta produced a genuine issue of

33

material fact for trial on the issue of "individual coverage" under the FLSA for the time period prior to November of 2020. However, the facts produced by Folta provided an adequate basis for a jury to rule in favor of Folta, and this is sufficient to support the District Court's decision to deny Appellants' request for summary judgment.

*1.* Applicable Law Regarding "Individual Coverage" Under the FLSA

The minimum wage and overtime protections of the FLSA apply to "covered" employees, meaning an employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206, 29 U.S.C. § 207. This defines two types of coverage under the FLSA: "individual coverage" (i.e., being engaged in commerce or in the production of goods for commerce) and "enterprise coverage" (i.e., being employed in an enterprise engaged in commerce or in the production of goods for commerce).

Only individual coverage is at issue in this case. Individual coverages applies to individuals who are "engaged in commerce **or** in the production of goods for commerce." 29 U.S.C. §§ 206, 207 (emphasis added).

An employee may meet the individual coverage requirements by directly participating "in the actual movement of persons or things in interstate commerce by . . . regularly using the instrumentalities of interstate commerce in his work (i.e.,

regular and recurrent use of interstate telephone, telegraph, mail, or travel)." *Silk v. Albino*, No. 8:06-cv-33-T-23TBM, 2007 U.S. Dist. LEXIS 19025, at *3 (M.D. Fla. Mar. 17, 2007); *see also Dunphy v. Project Aristocrat Life Found.*, No. H-17-1225, 2019 U.S. Dist. LEXIS 198632, at *18 (S.D. Tex. Nov. 15, 2019) ("An employee who regularly uses an instrumentality of interstate commerce is engaged in commerce."); *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-cv-6074-RTD, 2017 U.S. Dist. LEXIS 125945, at *9 (W.D. Ark. Aug. 9, 2017) ("Individual coverage exists for [workers] who 'regularly use the instrumentalities of interstate commerce in [their] work.'") (quoting *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006)).

"It is well-settled that the internet is an instrumentality of interstate commerce." *Dunphy*, 2019 U.S. Dist. LEXIS 198632, at *18;[2] *see also O'Quinn v. Country Inn, Inc.*, No. 6:18-cv-6025-RTD, 2019 U.S. Dist. LEXIS 74313, at *10 (W.D. Ark. Apr. 9, 2019) (same); *Kim v. Kum Gang, Inc.*, 2015 U.S. Dist. LEXIS

---

[2]    Citing *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009); *Miller v. Centerfold Entertainment Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, 2017 WL 3425887, at *3 (W.D. Ark. Aug. 9, 2017); *Foster v. Gold & Silver Private Club, Inc.*, Civil Action No. 7:14-cv-698, 2015 U.S. Dist. LEXIS 165217, 2015 WL 8489998, at *6 (W.D. Va. Dec. 9, 2015) (same).

Appellate Case: 22-3518     Page: 35     Date Filed: 05/01/2023 Entry ID: 5271199

39095, at *76–77 n.48 (S.D.N.Y. Mar. 19, 2015) (recognizing that processing credit card payments reflects involvement in commerce); *Garrett v. Rutter & Sleeth Law Offices,* No. 2:19-cv-04203-MDH, 2020 U.S. Dist. LEXIS 216284, at *6 (W.D. Mo. Nov. 18, 2020) ("Individual coverage under the FLSA exists when an employee's work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across state lines.").

"The [DOL]'s Field Operations Handbook states that individual coverage may exist for employees of even primarily local retail and service establishments under certain circumstances." *Ghess v. Kaid*, No. 2:19-cv-21-KGB, 2020 U.S. Dist. LEXIS 222031, at *17 (E.D. Ark. Nov. 27, 2020). Citing the USDOL's Field Operations Handbook, the *Ghess* court recognized that:

> Examples of covered activities include: (1) ordering of supplies and goods by mail, telephone, and fax and receipt of goods ordered from out-of-state suppliers, (2) processing of credit card purchases such as preparation of credit card slip initiating a transaction with an out-of-state credit card company or transmission of a credit card check to an out-of-state clearinghouse, and (3) transmission of information regarding a customer's personal check to an out-of-state clearinghouse for approval.

*Id*. at *17–18 (citing Field Operations Handbook, Chapter 11, 11r01, (current as of July 27, 2020), available at https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-11#B11c00)).

Accordingly, courts frequently find that the individual coverage requirement is met in a variety of circumstances, including using the internet to stream music for

work-related purposes (*Miller v. Centerfold Entm't Club, Inc.,* No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *9 (W.D. Ark. Aug. 9, 2017)), using phone lines to talk to out-of-state customers (*Jiao v. Chen*, No. 03 Civ. 0165-DF, 2007 U.S. Dist. LEXIS 96480, at *28 (S.D.N.Y. Mar. 30, 2007)), using phone lines and email to communicate with out-of-state consultants and customers (*Garrett v. Rutter & Sleeth Law Offices*, No. 2:19-cv-04203-MDH, 2020 U.S. Dist. LEXIS 216284 (W.D. Mo. Nov. 18, 2020)); and using telephone lines to process customers' credit card transactions for gasoline purchases on interstate highways and using telephone and internet to order cigarettes from national brands for resale (*Perez v. Mian Enters.*, No. 2:17-CV-2162, 2018 U.S. Dist. LEXIS 233933 (W.D. Ark. Aug. 1, 2018)).

*2.* <u>The District Court properly decided Folta produced genuine issues of material fact regarding his use of the instrumentalities of interstate commerce for purposes of establishing individual coverage.</u>

In response to Appellants' Coverage MSJ (R. Doc. 40), Folta produced evidence that he regularly used the instrumentalities of interstate commerce in his work for Appellants. This use involved a variety of activities, including cell phone text messaging and email for work-related communication, use of internet for ordering supplies, and making work-related trips across state lines. Accordingly, the District Court properly determined that genuine issues of material fact existed for trial regarding whether Folta qualified for the individual coverage provisions of the FLSA.

Appellate Case: 22-3518    Page: 37    Date Filed: 05/01/2023 Entry ID: 5271199

More specifically, one of Folta's jobs for Appellants was to brew and package beer. *See* Deposition of Benjamin Folta (hereinafter "Depo. Folta), May 9, 2022, 19:10–20:3, App. 97–98; R. Doc. 42-1 at 19–20. Although the manager of the brewery typically ordered brewing supplies and ingredients, Folta was responsible for emailing the manager with the necessary lists of items to order. *See* Depo. Folta 17:9–12, 46:12–47:7, App. 95, 124–25; R. Doc. 42-1 at 17, 46–47. However, Folta also made some of the orders himself. *See* Depo. Folta 46:18–22, App. 124; R. Doc. 42-1 at 46. Moreover, Folta was responsible for ordering the hops used in the brewing process via the internet, typically from one of three different websites, using a company credit card. *See* Depo. Folta 47:2–13, 52:6–11, App. 125, 130; R. Doc. 42-1 at 47, 52. Clearly, if Folta is responsible for brewing beer and using the internet to order necessary supplies for the brewing process, then Folta's job involves the use of the instrumentalities of interstate commerce. Appellants' objection that no documentation of these orders was produced is insufficient to prevent Folta from supporting his claim through his own testimony, especially since Folta explained that the lack of documentary evidence was due to his work email and personal Google information being deleted. *See* Depo. Folta 47:20–49:3, App. 125–127; R. Doc. 42-1 at 47–49.

In addition, Folta consistently used the internet to review work-related emails involving multiple employees of the brewery. *See* Emails, App. 202; R. Doc. 42-5.

Similarly, Folta was consistently involved in cell phone text message groups in which work-related discussions took place. *See* Text Messages, App. 337; R. Doc. 42-6. Much of this involved communication between Appellants' Arkansas employees and management located in Oklahoma. *See* Depo. Folta 17:25–18:8, App. 124–125; R. Doc. 42-1 at 17–18.

Folta also traveled across state lines for work-related purposes. Specifically, in 2019, Folta drove to Minnesota to pick up a canning line, which he brought back to the Arkansas brewery and set up. *See* Depo. Folta 19:22–25, App. 126; R. Doc. 42-1 at 19. In 2018, Folta went to Kansas to get a cooler, and in 2019, he went to Michigan for brewery training. *See* Depo. Folta 37:11–18, App. 114; R. Doc. 42-1at 37. In fact, in 2019 Folta went to Michigan four or five times to get work-related supplies such as yeast. *See* Depo. Folta 37:11–38:3, App. 114–115; R. Doc. 42-1 at 37–38.

Based on the above facts, the District Court found "that genuine, material disputes of fact exist as to the quantity, quality, and nature of Mr. Folta's interstate contacts during his employment at [the brewery]." Opinion and Order, p. 4–6, App. 585–587; Add. 7–9, R. Doc. 52 at 4–6. The nature of Folta's interstate contacts provided a foundation for finding that Folta was "engaged in commerce" such that individual coverage applied to him during his employment with Appellants. 29 U.S.C. §§ 206, 207. Folta had regular and recurrent use of internet, cell phone and

travel to move products across state lines, and this is exactly the type of activity found to be sufficient to create coverage in cases such as *Silk*, *Dunphy* and *Miller*.

This is, of course, in addition to the fact that by at least November 2020 Folta was also engaged in the production of goods for commerce by way of his position as head brewer for Appellants. 29 U.S.C. §§ 206, 207. While there appears to be a dispute of fact as to when Defendants became licensed to sell their beer directly to Oklahoma customers, it is undisputed that it happened no later than November of 2020. *See* Combined Brief, p. 13, App. 15; R. Doc. 11 at 13; Depo. Folta 36:7-23 (App. 114, R. Doc. 42-1 at 36). The intent to produce and production of the beer that was undisputed to have been sold in interstate commerce happened prior to that November date. Therefore, regardless of whether Folta was "engaged in commerce" within the meaning of the FLSA, it is undisputed that Plaintiff was "engaged in the production of goods for commerce" for at least part of his employment with Appellants.

Because there was a basis for finding that Folta was engaged in commerce, the District Court did not err in finding that genuine issues of material fact existed for trial on this issue. Further the District Court properly decided that genuine issues of material fact existed for trial regarding whether Folta was engaged in the production of goods for commerce for at least some of his employment with Appellants. The District Court applied the correct standard, accepting Folta's

40

evidence as true and drawing all justifiable inferences in Folta's favor. *Miners*, 113 F.3d at 823. The result of this analysis was that a reasonable finder of fact could rule in Folta's favor regarding the applicability of individual coverage under the FLSA. Therefore, the decision of the District Court to deny Appellants' request for summary judgment should be affirmed. *See* Opinion and Order p. 4–6; App. 585–587; Add. 7–9; R. Doc. 52 at 4–6.

## IV. The District Court Applied the Correct Legal Standard to Appellants' Motion for Summary Judgment.

Appellants next argue that the District Court did not apply the correct legal standard when deciding Appellants' Motion for Summary Judgment. This argument centers on whether the relevant facts support a finding that Folta's work involved the "regular" use of the instrumentalities of interstate commerce. However, Appellants' argument improperly focuses on disputes of fact, accepting their own version of the facts as true and drawing inferences in their own favor. The District Court properly applied the law governing the applicability of individual coverage as well as the standards for summary judgment in reaching its decision to deny Appellants' summary judgment request and that decision should be affirmed.

The previous Section, *supra*, identifies the applicable standards for individual coverage under the FLSA and explains how the facts produced support the District Court's decision that a reasonable finder of fact could determine that individual coverage applies. Appellants' current argument is that the District Court

41

applied the wrong summary judgment standard by permitting "mere disagreement" to support Folta's argument that individual coverage applied to him. However, not only was the District Court's decision appropriate based on many of the undisputed facts in this case, but the disagreements that exist between the parties regarding Folta's use of the instrumentalities of interstate commerce are not as insignificant as Appellants suggest.

One of the key disputes between the parties identified by the District Court relates to Folta's claim that he ordered hops online. Opinion and Order, p. 5; App. 586; Add. 8; R. Doc. 52 at 5. Specifically (and as referenced in the previous Section), Folta asserts that he was responsible for ordering the hops used in the brewing process via the internet, typically from one of three different websites, using a company credit card. *See* Depo. Folta 47:2–13, 52:6–11, App. 125, 130; R. Doc. 42-1 at 47, 52. Folta could not produce documentation of these orders because he returned the computer he used back to Appellants after his employment with Appellants ended; Folta had removed his personal data from the computer before returning it, and Appellants then deleted and denied Folta access to his work email. *See* Depo. Folta 47:14–49:3, App. 125–127; R. Doc. 42-1 at 47–49. The District Court properly noted this dispute of relevant facts and read the dispute in the light most favorable to Folta, as is required.

42

Likewise, despite Folta's production of 135 pages of emails (R. Doc. 42-5) that were sent to and from Folta's personal email address, Appellants argued that the significance of this production is diminished by the fact that only 6 emails were sent from Folta's personal email. However, there is no legal basis for differentiating between emails an employee was required to send and emails an employee was required to receive—both are work-related tasks. Moreover, Folta argued that he did, in fact, have a work email that he used for work-related communication but he was unable to retrieve those emails after he left his employment with Appellants. *See* Depo. Folta 39:11–40:3, 47:14–49:3, App. 117–118, 125–127; R. Doc. 42-1 at 39–40, 47–49. Again, the District Court properly noted the disagreement between the parties and viewed the dispute in a light most favorable to Folta. Opinion and Order, p. 5–6, App. 586–587; Add. 8–9; R. Doc. 52 at 5–6.

With respect to out-of-state trips to purchase brewing supplies, the District Court noted that even Appellants agreed that Folta made at least three work-related trips. Opinion and Order, p. 6, App. 587; Add. 9; R. Doc. 52 at 6. However, the District Court also noted Folta's position that in 2019 he made at least four or five out-of-state trips to purchase yeast used in brewing. *See* Opinion and Order, p. 6, App. 587, Add. 9, R. Doc. 52 at 6; Depo. Folta 37:11–38:6, App. 115–116; R. Doc. 42-1 at 37–38.

43

These disputes add up, and the District Court properly held that "genuine, material disputes of fact exist as to the quantity, quality, and nature of Mr. Folta's interstate contacts during his employment at NBC." Opinion and Order, p. 6, App. 587; Add. 9; R. Doc. 52 at 6. The mere fact that a litigant relies on his or her own testimony does not render that testimony incompetent to defeat summary judgment. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 446 (8th Cir. 2013). Further, the District Court has discretion to "deny summary judgment in a case where there is a reason to believe that the better course would be to proceed to a full trial." *Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 356 (8th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)).

The District Court properly followed applicable summary judgment standards and accepted Folta's facts supported by his deposition testimony as true for summary judgment purposes. Because those facts could support a finding that individual coverage under the FLSA applies to Folta, the District Court appropriately denied summary judgment in Appellants' favor on this issue. The District Court's decision to do so should be affirmed.

## V. The District Court Did Not Apply a Different Standard to Folta's Motion for Summary Judgment than it Applied to Appellants' Motion for Summary Judgment.

Appellants' final point is not a separate point for reversal of the District Court's Summary Judgment Order, but rather is intended to explain Appellants'

44

perception that the District Court applied a different standard to Folta's request for summary judgment than it applied to Appellants' request for summary judgment. This is simply inaccurate.

To begin with, even if Appellants' claim of varying summary judgment treatment were true, any error in doing so was harmless. *Wilson*, 995 F.3d at 633. Specifically, Appellants' position is that the different in treatment between the two summary judgment motions resulted in Appellants' request for summary judgment being improperly decided. However, as set forth above, the District Court correctly applied the law and correctly assessed the factual disputes between the parties. Therefore, any difference in standards applied by the District Court was harmless because it did not improperly impact the District Court's ruling on Appellants' summary judgment request.

That having been said, it is also clear that the District Court applied the same standards to Appellants' summary judgment request as it did to Folta's summary judgment request. The District Court identified the governing standards it intended to apply to both summary judgment motions. Opinion and Order, p. 3–4, App. 584–585, Add. 6–7, R. Doc. 52 at 3–4. The District Court then applied those standards to the competing summary judgment requests. Opinion and Order, *generally*, App. 582, R. Doc. 52. Appellants claim the disagreements were resolved differently, but do not

Appellate Case: 22-3518     Page: 45     Date Filed: 05/01/2023 Entry ID: 5271199

flesh this argument out by identifying the alleged factual disagreements or how those disagreements support a finding in favor of Appellants.

However, it is clear that the District Court did not resolve disputes or make improper credibility judgments. Rather, the District Court acknowledged the parties disagreements, but found that Appellants failed to meet their burden of proof regarding payment of a salary. Appellants have not offered any argument that this is an improper result by explaining how Appellants' version of the facts could have supported a jury verdict in Appellants' favor, making summary judgment improper. As Appellants recognize, mere disagreement is insufficient; rather, the disagreement must support a verdict in favor of the party opposing the summary judgment motion through the production of genuine issues of material fact. *Carter*, 997 F.3d at 807–08.

Appellants' argument that the District Court applied differing standards on the parties' competing summary judgment motions is neither accurate nor legally relevant. Therefore, the argument does not provide any basis for reversing the District Court's decision to deny Appellants' summary judgment argument regarding the inapplicability of individual coverage under the FLSA.

## CONCLUSION

This appeal must be dismissed and the relief requested by Appellants must be denied. This Court does not have jurisdiction to hear this appeal both because

Appellants seek to appeal decisions that do not involve final orders and because the parties settled the claims at issue in this case. Moreover, the issues raised by Appellants are without merit. The issue of "individual coverage" under the FLSA is merits-based, not jurisdictional, so that the District Court had jurisdiction to hear the case and did not err in allegedly failing to examine its own jurisdiction. Jurisdiction clearly exists because this case arises under a federal statutory scheme—the FLSA. Further, the District Court properly applied the summary judgment standards and relevant case law governing individual coverage and salary requirements to arrive at its decisions to deny Appellants' summary judgment requests and grant Folta's request. Therefore, there is no error at any step in this case, and reversal is not warranted.

Respectfully submitted,

**APPELLEE BENJAMIN FOLTA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

47

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff-Appellee, furnishes the following in compliance with Fed. R. App. P. 32(a) and Eighth Circuit Local Rule 28A(c):

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 9,833 words, including headings, footnotes and quotations, and excluding only those items excluded under Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2019 in 14-point, Times New Roman.

3.      I further certify that, in accordance with Eighth Circuit Rule 28A(h), the digital version of the brief and the accompanying addendum were filed in Portable Document Format (PDF), have been scanned for computer viruses, and are virus-free.

Dated:  April 26, 2023

_____
**Josh Sanford**
**Counsel for Appellee**

48

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that, on April 26, 2023, a true and correct copy of Appellee's BRIEF, was served by email on the following:

Jason B. Aamodt, Esq.
jason@iaelaw.com
THE INDIAN & ENVIRONMENTAL LAW GROUP
406 S. Boulder Ave., Suite 830
Tulsa, OK 74013
Telephone: (918) 347-6169

*/s/ Josh Sanford*
**Josh Sanford**
