## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

BENJAMIN FOLTA,            )
)
         Appellee,      )
)    APPEAL NO: 22-3518
     v.               )
)
NORFORK BREWING COMPANY,   )
ET AL.                )
)
        Appellants.     )

_____

*Appeal from the United States District Court for*
*the Western District of Arkansas Case No. 21-cv-3038*

# APPELLANTS' REPLY BRIEF

THE INDIAN & ENVIRONMENTAL LAW GROUP

s/ Jason B. Aamodt
Jason B. Aamodt
406 S. Boulder Ave, Suite 830
Tulsa, OK 74013
(918) 347-6169
jason@iaelaw.com

*Counsel for the Appellants*

# TABLE OF CONTENTS

**INTRODUCTION** ...................................................................1

**ARGUMENT & AUTHORTITIES** ........................................2

    *I.    Issues Uncontested by Appellee* ....................................3

    *II.   Appellee's Caselaw Does Not Support their Argument* ................4

    *III.  This Appeal is not Mooted* ......................................... 19

    *IV.  This Appellee Failed Again to Demonstrate Any Facts*
    *That Could Have Converted Appellant's in Commerce*
    *Arguments* ....................................................... 20

**CERTIFICATE OF COMPLIANCE** ........................... 22

**CERTIFICATE OF SERVICE** .................................. 23

Appellate Case: 22-3518    Page: 2    Date Filed: 06/06/2023 Entry ID: 5284164

# TABLE OF AUTHORITIES

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)..*1,2,4,5,7,8,9,11,12,13,14,15,16, 17,18*

*Berrios v. The Circle Grp., LLC, No. 120CV230AJTTCB, 2020 WL 6995447 (E.D. Va. July 21, 2020),* ......................................... 13

*Bledsoe v. Wirtz, 384 F.2d 767, 769 (10th Cir. 1967)* ........................... 12

*Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 693 (2003)* ............................................................... 9

*Brown v. Peaches and Pears Social Club, Inc., 2011 WL 6153630 (E.D. Ark December 12, 2011)* ................................ 17

*Chao v. Hotel Oasis, Inc., 493 F.3d 26 (1st Cir. 2007)* ........................................................................ 11,12,13,17

*City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 125–27 (2d Cir.2011)* ........................................................ 8

*CNA v. United States, 535 F.3d 132, 143 (3d Cir.2008)* ............................................................. 7

*Cruthis v. Vision's, 12CV244 KGB, 2013 WL 4028523, at \*3 (E.D. Ark. Aug. 7, 2013)* ............................... 16

*Doe I v. Four Bros. Pizza, Inc., 2013 WL 6083414 (S.D. N.Y. Nov. 19, 2013)* ....................................... 1,9

*Garza v. W. Stone of Lyons, LLC, Civil Action No. 14-cv-01953-REB-NYW (D. Colo. Jun. 24, 2015)* ....... 15

*Li v. Renewable Energy Solutions, Inc., 2012 WL 589567, (D.N.J. Feb. 22, 2012)* ........................................... 7, 9

*Murphy v. Allstaff Med. Res., Inc.,*

Appellate Case: 22-3518    Page: 3    Date Filed: 06/06/2023 Entry ID: 5284164

*Civil Action No. 16-cv-2370-WJM-MEH,*
 *2017 WL 2224530 at * 3 (D. Colo. May. 22, 2017)*.............................. 14

*Rocha v. Bakhter Afghan Halal Kababs, Inc.,*
 *44 F. Supp. 3d 337, 344 (E.D.N.Y. 2014)*................................. 16

*Saleen v. Waste Mgmt., Inc.,*
 *610 F. Supp. 2d 1026 (D. Minn. 2009)*.................................... 17

*White v. Classic Dining Acquisition Corp.,*
 *2012 WL 1252589, (S.D. Ind. Apr. 13, 2012)*............................9

*Whitworth v. French Quarters Partners, LLC,*
 *No. 6:13-CV-6003, 2013 WL 12364196 (W.D. Ark. Mar. 27, 2013)*...... 17

*Zipes v. Trans World Airlines, Inc.,*
 *455 U.S. 385, 394 (1982)*...........................................................8

## STATUTES AND REGULATIONS

*28 U.S.C. § 1331*.............................................................. 13

*28 U.S.C. § 1332*...............................................................6

*29 U.S.C. §§ 203*.......................................................... 11,15

*29 U.S.C. § 207*........................... *1, 2, 3, 4, 7, 8, 10, 12, 13, 14, 15, 16, 17*

*29 U.S.C. § 216*................... *1,2, 3, 6, 7, 8, 9, 10, 11, 12, 13,14 ,15, 16, 17*

*42 U.S.C. § 2000e-2(a)(1)* ...........................................................5

*42 U.S.C. § 2000e-5(f)(3)* ...........................................................6

*Title VII of the Civil Rights Act of 1964* ....................................5

iii

**INTRODUCTION**

Using the broadest of strokes, Appellee misapplies the law he cited, and makes the remarkable assertion that even though Appellants expressly reserved their defenses in a settlement agreement the question of the jurisdiction of the court below is moot on appeal. As set forth in their Opening Brief the question of jurisdiction must always be resolved, and even the case law the Appellee cites demonstrates that he was required (and failed) to establish jurisdiction in this Court under the Fair Labor and Standards Act (herein "FLSA"), 29 U.S.C. § 216.

The Appellee's main defense rests in the Supreme Court case of *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). What Appellees fail to mention is that *Arbaugh* has been distinguished with regard to the question of FLSA Section 216 jurisdiction. *Doe I v. Four Bros. Pizza, Inc.*, 2013 WL 6083414, at *5 (S.D. N.Y. Nov. 19, 2013) ("Unlike in *Arbaugh*, the FLSA's employer-relationship language appears in a statutory provision that plainly speaks in jurisdictional terms, by addressing the jurisdiction of the federal courts to hear claims arising under the FLSA.").

This is a unique case, involving a federal FLSA lawsuit under 29 U.S.C. § 216 for allegedly unpaid overtime wages supported only by an assertion that the Plaintiff "in any workweek [was] engaged in commerce or in the production of goods for commerce" but where the employer was so small that it was not an "enterprise engaged in commerce." *See* 29 U.S.C. § 207 (b).

1

29 U.S.C. § 216 of the FLSA provides for jurisdiction, stating in relevant part that "An action to recover the liability prescribed in the preceding sentences [in this case a claim under section 207 for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court *of competent jurisdiction*.[1] (emphasis added).

While a number of unpublished opinions that Appellee cites appear in *dicta* to indicate that a plaintiff merely needs to make any claim under the FLSA to invoke federal court jurisdiction, the carefully reasoned decisions that have explored what section 216 means in the context of an FLSA claim by an employee – one who must be "in commerce" to assert jurisdiction – indicate that invoking jurisdiction under FLSA section 216 is not *just* a part of the substance of a claim and that jurisdiction must be satisfied.

## ARGUMENT & AUTHORITIES

The Appellants' Reply brief is organized by first noting the issues that are uncontested by the Appellee. Section II shows that Appellee mis-applies *Arbaugh*, and ignores (as the District Court did as well) the requirement for there to be a ruling

---

[1]     The FLSA, as it was originally constructed by Congress did not contain the language "enterprise engaged in commerce" in section 207. The pre-1961 language of the statute only relied upon a showing that "employees engaged in interstate commerce." *See* Department of Labor, History of Changes to the Minimum Wage Law, available at: https://www.dol.gov/agencies/whd/minimum-wage/history.

2

on jurisdiction under FLSA section 216. Section II also debunks the Appellee's string citations to mostly unreported decisions that are not relevant to the precise issue before this court: whether the Plaintiff must establish jurisdiction under FLSA section 216. Section III demonstrates that this appeal is not moot and that jurisdiction was not admitted by Appellants. Section IV shows how the Appellees – given yet another bite at establishing even one fact that would have supported their in commerce argument – failed to do so.

The District Court refused – wrongly – to decide the question of whether the Appellee was an employee "in commerce" sufficient to justify federal court jurisdiction under the FLSA. There was no evidence controverting the Appellants position, and there was no jurisdiction for this case before the District Court.

## I.     ISSUES UNCONTESTED BY APPELLEE

Upon reviewing the briefs and pleadings below Defendants respectfully submit that those matters not contested by the Appellee, or are expressly agreed to by the Appellee:

1) The Appellee's claims were for allegedly unpaid overtime pursuant to FLSA section 207. *See* Aple Br. at 9.[2]

2) The Plaintiff's claim arises under the FLSA section 216, which provides in relevant part:

---

[2]     References to the Appellee's Brief are condensed to "Aple Br. at __".

3

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be …. <u>An action to recover the liability prescribed *in the preceding sentences*</u> may be maintained against any employer (including a public agency) <u>in any Federal or State court of competent jurisdiction</u> by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

*See* Aplt. Br. at 12, uncontested by Appellee.[3]

3) The District Court refused to determine its own Jurisdiction, and instead referred the question to a Jury. *See* Aple Br. at 19-20.

4) The Plaintiff's complaint did not include an assertion of FLSA "Enterprise Coverage" because it was uncontroverted that the Defendant did not have a yearly income equal to or exceeding $500,000. Aple. Br. at 10.

5) Appellate consideration of interlocutory matters (e.g., denial of summary judgment) are properly considered when there is another entwined appealable issue. Aple. Br. at 19.

## II.   APPELLE'S CASELAW DOES NOT SUPPORT THEIR ARGUMENT

Appellees urge that "The FLSA is a federal statutory right, meaning the District Court had jurisdiction to hear the case. *Arbaugh v. Y&H Corp.*, 546 U.S.

---

[3]     Citations to the Appellant's Brief are shortened to "Aplt. Br. at __."

4

500, 513[4] (2006)." Aple Br. at 15. The Supreme Court in *Arbaugh* was dealing with the question of whether the *definition* of the term "employer" in Title VII of the Civil Rights Act of 1964 was a part of the essential element of such a claim, or a limit on subject matter jurisdiction. *Arbaugh* at 503. Ms. Arbaugh prosecuted a sexual harassment claim to a final jury verdict, and only after the court entered judgment did the Defendant assert for the first time that it had fewer than 15 employees, and therefore it was not an employer as defined under Title VII. Consequently, the Defendant argued there was no jurisdiction for the Plaintiff's judgment. *Arbaugh* at 504. The District Court reluctantly agreed with this argument, and dismissed the case for lack of jurisdiction. The Fifth Circuit affirmed. *Id*. at 509. The Courts of appeals were split on the issue under Title VII, and the Supreme Court accepted certiorari. *Id*. at 510.

The employee numerosity requirement under Title VII is found <u>only</u> in the definitional section of the act. See 42 U.S.C. § 2000e-2(a)(1) where

> "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ...."

---

[4]     Appellee's pinpoint citation is not to the holding, nor is it to the analysis of the case, but instead to the introduction where the Court in part laid out the issue of whether a definitional section of Title VII created a jurisdictional barrier.

5

Title VII then goes on in a completely different section that does not refer to either the word employer, or to the definitional section, to provide for jurisdiction for claims under that statute by stating, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." *See* 42 U.S.C. § 2000e-5(f)(3).

Because the employee numerosity requirement was definitional and because the jurisdictional section did not in any way make reference to the employee numerosity definition, the Supreme Court held that the employee numerosity requirement was not part of the jurisdictional analysis. *Id*. at 516 ("we hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."),

The Court analyzed the matter this way:

> "neither § 1331, nor Title VII's jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) (authorizing jurisdiction over actions "brought under" Title VII), specifies any threshold ingredient akin to 28 U.S.C. § 1332's monetary floor. <u>Instead, the 15–employee threshold appears in a separate provision that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."</u>

*Id*. at 515.

Section 216 speaks in jurisdictional terms:  "An action … may be maintained … in any Federal or State court of competent jurisdiction."  Section 216 specifies a threshold for what the jurisdiction extends to:  "to recover the liability prescribed in

6

the preceding sentences." The preceding sentences state that "Any employer who violates … section 207 of this title shall be liable to the employee …." Section 207 states that an employee is one "who in any workweek is engaged in commerce or in the production of goods for commerce." Indeed, the title of subsection (a) of 207 is "<u>Employees engaged in interstate commerce</u>; additional applicability to employees pursuant to subsequent amendatory provisions." (emphasis added).

The Southern District of New York analyzed whether the terms in FLSA section 216 were jurisdictional, or whether they were part of the substantive claim in light of the Supreme Court's decision in *Arbaugh,* holding that the terms of 216 are jurisdictional, particularly as it applies to the term employee or employer:

> The parties have provided the Court with no cases in this Circuit-and the Court can find none-addressing whether the existence of an employment relationship is a jurisdictional prerequisite to bringing a claim under the FLSA. However, a federal district court in New Jersey recently addressed the issue and concluded that "employee status under the FLSA is a jurisdictional question and ... the proper procedural method for adjudicating a dismissal motion challenging the plaintiff's [employee] status is through Rule 12(b)(1)." *Li v. Renewable Energy Solutions, Inc.,* 2012 WL 589567, at *5 (D.N.J. Feb. 22, 2012). Analogizing with a Third Circuit case holding that the scope-of-employment requirement under the Federal Tort Claims Act was jurisdictional, the district court in *Li* reasoned that because "the FLSA defines the federal courts' jurisdiction to hear FLSA cases by expressly limiting that jurisdiction to claims against 'employer[s]' whose 'employees' have not been properly paid in accordance with the statute," the existence of an employment relationship is jurisdictional. *See Li v. Renewable Energy Solutions, Inc.,* 2012 WL 589567, at *4–5; *see also CNA v. United States,* 535 F.3d 132, 143 (3d Cir.2008) (holding that when "a statute contains within itself the bounds of its

7

jurisdiction[,]" Congress likely intended to "tether [ ] jurisdiction to meeting that subsection's requirements").

The Court is persuaded by this reasoning. In *Arbaugh v. Y & H Corp.*, the Supreme Court addressed whether Title VII's definition of "employer" as an entity with fifteen or more employees (the "employee-numerosity requirement") was a jurisdictional requirement limiting the subject matter jurisdiction of the federal courts or instead represented a substantive element of a Title VII claim. 546 U.S. 500, 503 (2006). The Court established a bright-line rule for determining whether a statutory provision is jurisdictional:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.... But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Id. at 515–16; *see also City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 125–27 (2d Cir.2011) (applying Arbaugh's bright-line rule in case concerning Protection of Lawful Commerce in Arms Act).

The Supreme Court concluded the "employee-numerosity requirement" was not a jurisdictional prerequisite to bringing a claim under Title VII but, rather, "an element of a plaintiff's claim for relief." *Arbaugh v. Y & H Corp.*, 546 U.S. at 516. In so holding, the Court reasoned that the employee-numerosity provision "appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.' " *Id.* at 515 (quoting *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 394 (1982)).

**Here, in contrast to Title VII, the FLSA expressly limits the jurisdiction of the federal courts to cases brought by "one or more employees" of an "employer."** Section 216(b) provides, in relevant part

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum

8

wages, or their unpaid overtime compensation, as the case may be.... An action to recover the liability prescribed ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b) (emphases added).

Although it has not addressed the precise issue here, <u>the Supreme Court has recognized that Section 216(b) establishes the jurisdiction of the federal courts over FLSA actions.</u> *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003) ("The FLSA provides that an action 'may be maintained ... in any Federal or State court of competent jurisdiction.' ").* **Unlike in *Arbaugh*, the FLSA's employer-relationship language appears in a statutory provision that plainly "speak[s] in jurisdictional terms," by addressing the jurisdiction of the federal courts to hear claims arising under the FLSA.** *See Li v. Renewable Energy Solutions, Inc.*, 2012 WL 589567, at *4–5; see also *White v. Classic Dining Acquisition Corp.*, 2012 WL 1252589, at *2 (S.D.Ind. Apr. 13, 2012) ("[T]he wording of [Section 216(b) ] makes it clear that standing to pursue an action for employer liability is limited to employees only.... In other words, liability under the FLSA is predicated upon an employer-employee relationship.").

In short, applying the bright-line rule set forth in *Arbaugh*, and considering the plain language of Section 216(b), the Court concludes Congress intended an employment relationship to be a jurisdictional prerequisite under the FLSA.

*Doe I v. Four Bros. Pizza*, No. 13 CV 1505 VB, 2013 WL 6083414, at *4–5 (S.D.N.Y. Nov. 19, 2013) (emphasis added).

The Court in *Four Bros*. noted further that,

The statutory provisions *Arbaugh* identifies as **examples of when 'Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts,'** *Arbaugh v. Y & H Corp.*, 546 U.S. at 515 n. 11, **are practically indistinguishable from Section 216(b)**. *See, e.g.*, 49 U.S.C. § 24301(1 ) (2) ("The district courts

9

of the United States have original jurisdiction over a civil action Amtrak
brings to enforce this subsection and may grant equitable or declaratory
relief requested by Amtrak.").

*See Four Bros. Pizza*, at note 4 (emphasis added).

The question in *Four Bros.* was whether the Plaintiffs were employees of the
Defendant. The Court concluded that Section 216's requirement that an employer is
liable to an employee is jurisdictional is supported by the fact that section 216
expressly states that is the jurisdictional provision of the FLSA for claims by
employees.

Here, the Appellants press – and always have pressed – the related issue, of
whether a claim by an employee under section 207, which itself requires a showing
of acting in interstate commerce is jurisdictional. Indeed, Section 216 mentions
section 207, requires the claim be an "employee" claim and limits "employees" to
those acting "in commerce" just as much as it requires the showing of an
employment relationship. Both are jurisdictional requirements.

Undoubtedly there are cases cited by Appellee that would seem to cut in a
different direction, characterizing a claim under section 207 as for "coverage" and
part of the substantive claim and not jurisdictional. None of these cases which
Appellee cites analyzed the Section 216 jurisdictional requirement in light of an
assertion by an employee that he was acting in interstate commerce, *in the absence*
of an assertion that the defendant was also subject to the FLSA because it was an

10

enterprise with more than $500,000 per year in revenue. That is, the facts and the law of the case before the Court here are unique, and are not addressed by the cases Appellee cites.

In *Arbaugh* the Supreme Court wryly acknowledged both that "Jurisdiction, … is a word of many, too many, meanings" and that "On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous." *Arbaugh* at 510 & 511. Noting that some decisions – like the ones relied upon by Appellee in this case[5] – are less than precise, the Supreme Court noted such "unrefined dispositions" are "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Id*. at 511 (citations omitted).

The first case Appelles cite, but which is not relevant to the specific issue of jurisdiction of an employee "in commerce" is *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007), which addressed the $500,000 "enterprise" or "Annual Dollar Value" or "ADV" requirement of the FLSA and whether it was jurisdictional. As the First Circuit noted, "The FLSA places the ADV limitation <u>in the definitions section of the Act</u>, and does not suggest that the ADV limitation is jurisdictional. *See* 29 U.S.C. §§

---

[5]     Defendants' multi-page string citation on this point at pages 22 and 23 of its Brief are essentially these kind of decisions, or they are not applicable because they do not address jurisdiction under FLSA Section 216.

Appellate Case: 22-3518     Page: 15     Date Filed: 06/06/2023 Entry ID: 5284164

203(s)(1)(a), 216. We therefore treat it as an element of the claim." *Chao*, 493 F.3d at 33 (emphasis added). Indeed, the $500,000 enterprise, or ADV provisions of the FLSA are definitional, like the 15-employee limitation in *Arbaugh* was also definitional. *Chao* is not relevant to the jurisdictional issue before this Court concerning whether an employee is acting in interstate commerce where section 216 "speaks in jurisdictional terms" and specifically lists section 207 (in commerce requirement) as a limit on jurisdiction.

The in question in *Chao* of whether an employer is "enterprise" is different than the question before this Court on the jurisdictional "in commerce" limits incorporated directly into section 216 by specific reference to section 207. The entire idea of an *enterprise* as a basis for extending the reach of the FLSA only began with the 1961 amendments to the FLSA, which added the term. Importantly, the original text of the FLSA – to which the section 216 jurisdictional limits referred – required that an employee be one "in interstate commerce" or "in commerce." *See, e.g., Bledsoe v. Wirtz*, 384 F.2d 767, 769 (10th Cir. 1967) ("However, coverage under the Fair Labor Standards Act by engagement in interstate commerce is more than a substantive issue in the trial of this cause of action. Jurisdiction in the Federal courts depends solely upon a finding of engagement in interstate commerce and no diversity or jurisdictional amount need be shown.")

Appellate Case: 22-3518     Page: 16     Date Filed: 06/06/2023 Entry ID: 5284164

To arise under 28 U.S.C. § 1331, then the grant of jurisdiction must be read in its entirety. Indeed, the canons of statutory construction require the court to give effect to all the parts of the statute. To say that there is federal court jurisdiction, without more, for every case filed under the FLSA (Appellee's position) would read out of section 216 the existence of the words "competent jurisdiction" as well as the statute's inclusion of section 207 as a limit on jurisdiction. In this case, the Appellee conceded that Defendants are not an enterprise, and the matter rises and falls on the original text of the FLSA – an on the question: is Folta an employee "in interstate commerce"? The district court erred by refusing to address this question, and instead by referring this legal question to a jury.

The Appellee's next case, *Berrios v. The Circle Grp.*, LLC, No. 120CV230AJTTCB, 2020 WL 6995447 (E.D. Va. July 21, 2020), relied upon the decision in *Chao* to conclude that the definition of an employer was not jurisdictional. As noted, above, *Chao* was decided on the point that the ADV requirement was not part of the section 216 jurisdictional requirement, but as in *Arbaugh*, was set out in a provision of the statute's definitions that were not mentioned in section 216, that proscribes jurisdiction under the FLSA. Accordingly, *Berrios* is not applicable because it failed to even address the question of whether the jurisdictional in commerce requirement was part of the section 216 language (it was) or was it in a definitional section like *Arbaugh* (it was not).

13

Appellee's next case is *Murphy v. Allstaff Med. Res., Inc.*, Civil Action No. 16-cv-2370-WJM-MEH, 2017 WL 2224530 at * 3 (D. Colo. May. 22, 2017) which is an excellent example of the analyses the Supreme Court said "should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Arbaugh* at 511. The Court in Allstaff, started out by agreeing that an employment relationship is jurisdictional under FLSA § 216, quoting *Four Bros.*, 2013 WL 6083414, at *5: "Unlike in *Arbaugh*, the FLSA's employer-relationship language appears in a statutory provision that plainly speaks in jurisdictional terms, by addressing the jurisdiction of the federal courts to hear claims arising under the FLSA." However, *Allstaff* went on to conclude that the question of whether an employee was acting in interstate commerce was not jurisdictional – completely failing to analyze the difference in treatment of a claim made under an enterprise argument (where the term enterprise is a defined term) as opposed to the in-commerce requirement that is inherent in Section 207, which is incorporated directly into FLSA section 216's jurisdictional analysis. *Allstaff*, 2017 WL 2224530 at * 4. The decision did not independently analyze section 207's incorporation into section 216, but instead seemed impressed that other courts reached the "coverage" versus "jurisdiction" analysis, and repeated the boiler plate "Courts across the country …" language that Appellee repeats in its brief. *Id.* Yet, there was no analysis of why coverage was exclusive to the jurisdictional analysis –

Appellate Case: 22-3518     Page: 18     Date Filed: 06/06/2023 Entry ID: 5284164

that is – there is no reasoned basis in *Allstaff* for asserting that even if part of a claim, that the discrete issue of whether an employee was "in commerce" is jurisdictional.

While enticing in its wide perspective, such broad language like that in *Allstaff* misses the technical and careful analysis of jurisdiction that so chagrined the Supreme Court in *Arbaugh*. That is, the Court in *Allstaff* did not address the fact that section 207 is expressly incorporated directly into FLSA section 216's jurisdictional analysis. To read 207 as not appearing as an element of the jurisdictional analysis as much as the terms "employee" and "employer" also should be ignored in the language of 216. And yet, the *Allstaff* decision says one is jurisdictional and the other is not and fails to explain why even while relying on decisions that also fail to make that distinction.

The Appellee's next case, *Garza v. W. Stone of Lyons, LLC*, Civil Action No. 14-cv-01953-REB-NYW (D. Colo. Jun. 24, 2015)[6] is irrelevant because it found

> "Even if Plaintiff failed to state allegations sufficient to support 'individual coverage' under the FLSA, his Complaint would still survive a pleadings challenge if it included sufficient allegations underlying enterprise coverage. 29 U.S.C. § 203(s)(1). "

That is, *Garza* does nothing to address how to incorporate the requirement in FLSA section 216 that a plaintiff satisfy section 207 – which requires that an employee be acting "in commerce" to invoke the FLSA.

---

[6]     *Garza* does not appear to be available in Westlaw but is available in Casetext at: https://casetext.com/case/garza-v-w-stone-of-lyons-llc

Appellate Case: 22-3518     Page: 19     Date Filed: 06/06/2023 Entry ID: 5284164

Appellee's next case, *Rocha v. Bakhter Afghan Halal Kababs, Inc*., 44 F. Supp. 3d 337, 344 (E.D.N.Y. 2014), is irrelevant to the question of whether Plaintiff can show that he was working in interstate commerce. As the *Bakhter* case notes, "Several courts in this Circuit have found that the question of whether defendants in a FLSA action meet the statutory definition of "enterprise engaged in commerce" is not a jurisdictional question, but rather goes to the merits of the claim." The question in *Bakhter* – enterprise coverage – falls in the same *Arbaugh* – definitional question. Again, there is no analysis of the in-commerce requirement for an employee to invoke the FLSA. Applying *Bakhter* to the facts of this casewould be a drive-by.

Appellee's first case from Arkansas likewise makes the same mistake of conflating the enterprise question (where enterprise is a defined term not a part of the jurisdictional analysis) with the in commerce requirement, which is expressly a part of section 207 that is incorporated directly into the jurisdictional requirement under section 216. *Cruthis v. Vision's,* 12CV244 KGB, 2013 WL 4028523, at *3 (E.D. Ark. Aug. 7, 2013). Indeed, the Western District of Arkansas reached that conclusion "in the absence of controlling Eighth Circuit precedent … ." In any event, the question did not arise under a jurisdictional argument, but on the issue of whether conditional class certification was appropriate. *Id*. at 2-3. This is more "drive-by" analysis and argument by the Appellee.

Appellate Case: 22-3518     Page: 20     Date Filed: 06/06/2023 Entry ID: 5284164

The case of *Whitworth v. French Quarters Partners, LLC*, No. 6:13-CV-6003, 2013 WL 12364196 (W.D. Ark. Mar. 27, 2013) makes the same mistake of conflating the enterprise-definition-*Arbaugh* argument with the requirement under section 207 that individual in interstate commerce be satisfied as an element of the Court's section 216 jurisdictional analysis. The *French Quarters* decision states in relevant part (demonstrating the analytical slip from enterprise to in commerce with no reasoning):

> The court in *Brown v. Peaches and Pears Social Club, Inc*., addressed the same issue raised on Defendants' motion to dismiss for lack of subject matter jurisdiction. 2011 WL 6153630 (E.D. Ark December 12, 2011). *Brown* noted the lack of precedent from the Eight Circuit and cited cases from other Circuit's Court of Appeals which held <u>the issue of individual or enterprise coverage under the FLSA</u> involved merits of the plaintiff's claims and not prerequisites to jurisdiction. *Id*. at 2 (citing *Chao v. Hotel Oasis, Inc*., 493 F.3d 26, 33 (1st Cir. 2007) ….

*See French Quarters,* 2013 WL 12364196 at 2 (emphasis added).

The Appellee's final case, *Saleen v. Waste Mgmt., Inc.*, 610 F. Supp. 2d 1026 (D. Minn. 2009) was clear that the question of jurisdiction, under any view of the law,[7] should be decided by the district court, even if doing so required addressing the facts:

---

[7] *Waste Mgmt*. *Inc.* stands for the proposistion that there is no arising under jurisdiction under Section 1331 for the FLSA, but that there could be Section 1337 jurisdiction, but it was not pled or argued by the Appellee nor was it ever mentioned by the district court and should not be a surprise "gotcha" assertion of jurisdiction the Appellees never made.

**Appellate Case: 22-3518     Page: 21     Date Filed: 06/06/2023 Entry ID: 5284164**

The Court pointed out that the issue of subject-matter jurisdiction can never be forfeited or waived; it can be raised at any time by any party. *Arbaugh*, 546 U.S. at 514, 126 S.Ct. 1235. Moreover, trial courts have an independent obligation to ensure that subject-matter jurisdiction exists even in the absence of a challenge from any party. *Id*. And if subject-matter jurisdiction turns on contested facts, the trial court may be empowered to resolve the disputed facts on its own, without the necessity of a jury trial. *Id*.

*Waste Mgmt. Inc.*, 610 F. Supp. 2d at 1028.

Indeed, Appellants in this case were forced to litigate without ever having their jurisdictional defense addressed. The Appellants raised the issue as a combined Rule 12(b)(1) and Rule 56 issue early in the litigation, which the district court simply ignored by calling it moot, and then when the Appellants re-raised the issue again under Rule 56, the district court denied the motion because there was not factual "Agreement" by the Appellee, even though there were no facts offered by the Appellee controverting the Appellants well founded factual assertions. Rather than attempt the impossible of litigating a legal issue of jurisdiction to a jury, the Appellant settled, and in the settlement reserved all defenses and specifically did not waive them. The district court then approved the settlement on its own motion without any opportunity for the parties to address the matter, and the Appellants raised the issue in the final briefing relating to the request for attorney fees. The district court never addressed the jurisdictional question, and yet even the Appellee's authority shows that is should have done so.

18

## III.  THIS APPEAL IS NOT MOOTED

Appellees urge that this appeal is mooted by the settlement.  *See* Aple Br. at 14-15.  They state that "Appellants have produced no proof beyond their own generalized statements that they reserved any defenses in the settlement agreement." This is patently ridiculous.  The settlement agreement between the parties states in relevant part:

> 3.    <u>Non-Admission</u>.  Defendants deny that they or any of the Defendant Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.  Defendants do not waive any defense asserted in the litigation nor do Defendants waive any defenses to the Plaintiff's request for Attorney Fees.

It came as a surprise to no one when Appellant raised the jurisdictional defense in response to the Appellee's motion for attorney fees, and it is ridiculous for the appellee to assert that the Appellants defenses were not reserved.

Finally, Appellee attempts to apply a fig leave to cover its position, asserting that Appellants would agree to enterprise coverage for Norfork Brewing for the end of 2020 and the beginning of 2021.  *See* Aple. Br. at 25.  However, Appellee stipulated that he waived all claims of enterprise coverage, and appears now to be attempting to rescind that stipulation on appeal.  Such a waffling position should not be given credence.

## IV. THE APPELLE FAILED – AGAIN – TO DEMONSTRATE ANY FACTS THAT COULD HAVE CONTROVERTED APPELLANT'S IN COMMERCE ARGUMENTS

Appellee failed – again – to point to a single fact that would support "regular" interstate contact by Folta in his work. At the District Court level Appellant provided to the Court in the record *every* document that Folta provided in discovery to support his assertion of individual coverage. Appellant detailed how:

1) there were no phone records attempting to substantiate Folta's assertion that he used his phone for work;
2) Only 6 emails in 4 years were directed towards work;
3) None of his text messages were directed towards work;
4) All the evidence shows that Folta's entire work as "Head Brewer" were entirely within the four walls of the brewery

Appellee – despite the donation of ink to the project – does not actually provide to this Court any evidence of regular interstate commerce contacts by Folta in his work. Appellee's only "evidence" are his own allegations. *See* Aple. Br at 42-43. Such allegations are not sufficient as a matter of law to create an issue of fact. Yet, that "disagreement" permitted the district court to sidestep this subject, and refer the matter of jurisdiction to the jury. Such a process, where the fundamental underpinning of a case is not addressed until the very end simply invites waste and delay. There never was federal jurisdiction here, and there never should have been.

20

Respectfully submitted this 5TH day of June, 2023.

/s/ Jason Aadmot
Jason B. Aamodt
406 S. Boulder Ave, Suite 830
Tulsa, OK 74013
(918) 347-6169
jason@iaelaw.com

*Counsel for the Appellants*

21

## CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this document contains [5,152] words.

[   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32 (a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2019*] in [*14pt Times New Roman*]; or

[   ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

Dated: June 5, 2023                /s/ Jason B. Aamodt

                                        Jason B. Aamodt

Appellate Case: 22-3518    Page: 26    Date Filed: 06/06/2023 Entry ID: 5284164

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

s/ Jason B. Aamodt
Jason B. Aamodt

Appellate Case: 22-3518    Page: 27    Date Filed: 06/06/2023 Entry ID: 5284164